## Royal Insurance Co. v. Alex. Crowell.

1. EXCESSIVE DAMAGES—*Admitted by a Remittitur.*—When the jury
returns a verdict and the plaintiff enters a remittitur it is an admission
on his part that the damages assessed by the jury are excessive.

**Action to Recover Damages.**—Loss of property by fire.  Trial in the
Circuit Court of Jackson County; the Hon. JOSEPH P. ROBARTS, Judge,
presiding.  Verdict and judgment for plaintiff.  Appeal by defendant.
Heard in this court at the February term, 1898.  Affirmed.  Opinion
filed August 31, 1898.

A. S. CALDWELL and J. M. HERBERT, attorneys for appel-
lant.

WILLIAM A. SCHWARTZ, attorney for appellee; W. W.
BARR, of counsel.

MR. JUSTICE WORTHINGTON delivered the opinion of the
court.

This suit was brought to recover damages for the loss by
fire of the dwelling house and personal property of appellee,
insured by appellant to the amounts of $500 on the house,
and $300 on personal property.  A verdict was returned
for appellee for $700.  Appellee entered a remittitur for
$177.85.  Judgment was then rendered on the verdict, as
remitted, for $522.15.  The assignments of error presented
in argument by counsel for appellant are, in substance, that
the verdict is against the law and evidence, that it is exces-
sive, and that proper instructions asked by appellant were
refused by the court.

That the verdict as returned by the jury was excessive
is admitted by appellee in entering a remittitur for $177.85.
The court, having heard the testimony in the case and seen
the witnesses, did not consider the remainder, $522.15, excess-
ive.  A careful consideration of the evidence, which is con-
flicting, does not warrant us in saying that the conclusion
of the court was incorrect.

Appellant asked the court to give the following instruction, which was refused:

"One of the tests for determining the credibility of a witness is his interest in the result of the suit. As a general rule, a witness who is interested in the result of the suit will not be as honest, candid and fair in his testimony as one who is not interested, but the degree of credit to be given to each and all of the witnesses is a question for the jury alone."

The instruction was properly refused. There is no such general rule.

The following instruction, offered by appellant, was refused:

"You are further instructed by the court, that the award of the appraisers selected by plaintiff and the insurance company to arbitrate the matter of the value of the house in question, is conclusive as to its value at the time of the fire; and even though you should find the issue for the plaintiff, he can in no event recover more than the sum of $325, the amount fixed by the appraisers as the value of said house at the time of the fire."

This instruction should have been given. Both parties by the contract of insurance agreed that the amount of loss on the house should be fixed by appraisers, and the amount was so fixed at $325. We think, however, that in view of the remittitur, that the refusal to give the instruction is not reversible error. The instruction, if given, would have limited a recovery for the house to $325. The difference between $325.55 and $500, the amount which, under the proof, the jury must have fixed as the value of the house, is $175.

The remittitur is $177.85, a sum greater than the difference between $500 and $325. Whatever damage, then, appellant suffered by reason of the refused instruction was cured by the remittitur.

Upon a view of the whole case we are not prepared to say that a just judgment was not rendered. Affirmed.